United States District Court
Southern District of Texas
**ENTERED**
December 10, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DANIEL GARCIA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:21-CV-00125 |
| | § | |
| BRIAN COLLIER, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner, Daniel Garcia, is a state prisoner incarcerated at the McConnell Unit in Beeville, TX. (D.E. 1).  Proceeding *pro se*, he filed this habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging his 2015 Nueces County conviction (Case Number 14-CR-1302-F) for capital murder and aggravated assault.  (D.E. 1, Page 2).  Pending is Respondent's Motion for Summary Judgment to which Petitioner has failed to respond.  (D.E. 19).  Pursuant to Local Rule 7.4, the failure to file a response is taken as a representation of no opposition to Respondent's Motion.  For the reasons stated below, it is respectfully recommended the Court **GRANT** Respondent's Motion for Summary Judgment (D.E. 19) and **DISMISS** this action as time barred.  The undersigned further recommends the Court **DENY** a Certificate of Appealability.

## I.      JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241 and 2254.  A habeas action may be filed either in the district where petitioner is in custody or in the district in which petitioner was convicted. 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).  Jurisdiction and venue are proper in this Court because Petitioner was convicted within the Corpus Christi Division of the Southern District of Texas.  *Id.*; 28 U.S.C. § 124(b)(6).

## II.      BACKGROUND

On June 18, 2015, Petitioner, after being found guilty by a jury of capital murder and aggravated assault, was sentenced to life imprisonment without parole and 75 years custody, respectively.  (D.E. 18-2, Pages 591-92, 611 and 619-20).  Petitioner appealed this conviction, which was affirmed by the Thirteenth District Court of Appeals on May 16, 2019.  (D.E. 18-48). The Texas Court of Criminal Appeals granted Petitioner an extension permitting Petitioner to file a petition for discretionary review ("PDR") on or before September 17, 2019, stating in bold, capitalized letters that "[n]o further extensions will be entertained."  (D.E. 18-58).  On October 2, 2019, the Texas Court of Criminal Appeals refused Petitioner's PDR as untimely filed.  (D.E. 18-59).[1]

---

[1]While Petitioner alleged he mailed his PDR on September 16, 2019, the envelope is stamped by the postal service one week later on September 23, 2019.  (D.E. 18-63, Pages 8 and 34).  The undersigned notes it is the Texas Court of Criminal Appeals who determines whether an extension of time to file a PDR is warranted, whether Petitioner is entitled to file an out of time PDR and whether a PDR is timely filed.  Disagreement with these decisions does not warrant federal habeas relief as these decisions do not reach the merits of Petitioner's claims.  The undersigned further notes that Petitioner's PDR was dismissed as untimely on October 2, 2019 and Petitioner did not seek state habeas relief until December 7, 2020, over 14 months later. Petitioner then delayed an additional three months before filing the pending federal petition on June 15, 2021 after his state habeas petition was dismissed on March 10, 2021.

Petitioner filed a state habeas petition at the earliest on December 7, 2020, the date it was signed, which was denied without written order on findings of the trial court and on the court's independent review of the record on March 10, 2021.  (D.E. 18-64 and D.E. 18-65, Pages 18-19); *Richards v. Thaler*, 710 F.3d 573, 577-79 (5th Cir. 2013) (State habeas applications are filed when delivered to prison authorities for mailing, not when stamped by the clerk of court). Petitioner then filed this federal habeas action on June 15, 2021.  (D.E. 1, Page 10); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (For AEDPA limitations, a federal habeas petition is filed on the date a petitioner delivers it to prison authorities for mailing).

## III.    RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

Respondent asserts this action should be summarily dismissed as time barred.  The undersigned agrees.  Petitioner's habeas petition is not timely filed pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA") which establishes a one-year statute of limitations period runs from the latest of four alternative dates:

(A)    the date on which the judgment become final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  This period is tolled during the time a petitioner properly files for state post-conviction writ review.  28 U.S.C. § 2244(d)(2) ("The time during which a properly filed

application for State post-conviction or other collateral review with respect to the pertinent

judgment or claim is pending shall not be counted toward any period of limitation under this

subsection.")  Petitioner filed his current petition after the effective date of AEDPA and so is

subject to its provisions.  *Lindh v. Murphy*, 521 U.S. 320 (1997).

Petitioner did not file a timely PDR and therefore, his conviction became final on

September 17, 2019, when the extended period for timely seeking discretionary review expired.

*Gonzalez v. Thaler*, 565 U.S. 134, 149-50 (2012) (When a federal habeas petition does not appeal

to his state's highest court, his conviction becomes final when his time for seeking review with

the state's highest court expires); *Brown v. Thaler*, 455 F. App'x 401, 405 (5th Cir. 2011) (When

no PDR is filed after an extension to do so is granted, the date it was due is the deadline petitioner

could no longer seek direct review); *Esparza v. Stephens*, No. 4:14-cv-694, 2017 WL 1197137,

at  *1 (E.D. Tex. Mar. 31, 2017) ("If a defendant is convicted in a Texas state court and,

thereafter, fails to timely file a PDR in the CCA, his conviction is final for the purposes of

AEDPA on the date the PDR was due.") (citations omitted).  As such, Petitioner had one year,

until September 17, 2020, to timely file a federal application for habeas corpus relief.

Petitioner's state habeas petition, filed on December 7, 2020, did not toll the limitations period

as it was filed after the limitations period had expired.  *Scott v. Johnson*, 227 F.3d 260, 263 (5th

Cir. 2000) (state habeas applications filed after the expiration of the federal limitations period

do not statutorily toll the limitations period).  Therefore, Petitioner's federal habeas petition,

filed on June 25, 2021, was filed over nine months too late.  (D.E. 1, Page 10).

However, the one-year period of limitations in § 2244(d)(1) of AEDPA is not a

jurisdictional bar and can be equitably tolled in rare and exceptional circumstances.  *Davis v.*

4 / 8

*Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *Umana v. Davis*, 791 F. App'x 441, 443 (5th Cir. 2019).  A petitioner is entitled to equitable tolling if he shows that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citations omitted); *Palacios v. Stephens*, 723 F.3d 600, 604 (citing *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012) (citations omitted)). "[N]either excusable neglect nor ignorance of the law is sufficient to justify equitable tolling." *Sutton v. Cain*, 722 F.3d 312, 317 (5th Cir. 2013) (citing *Fierro v. Cockrell*, 294 F.3d 674, 682-83 (5th Cir. 2002) (It is "clear that a lack of knowledge of the law, however understandable it may be, does not ordinarily justify equitable tolling.") (citations omitted).   Nor does unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason) or lack of representation during the applicable filing period merit equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (citation omitted).

In his Petition, Petitioner mistakenly asserts his petition is timely filed.  (D.E. 1, Page 9). Petitioner does not allege any reasons to support suggest equitable tolling applies.  Petitioner fails to allege sufficient "extraordinary circumstances" that prevented him from timely filing his claim.  Petitioner also did not diligently pursue his rights, delaying over nine months past the deadline to pursue his federal habeas remedy.  Additionally, Petitioner's claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.  Lastly, Petitioner's claim is based upon evidence that was available to him during the limitations period.  Without a basis for equitable or statutory tolling, Petitioner's writ should be dismissed as time barred.

## IV.    CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Court of Appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability ("COA").  A district court ruling on a petitioner's relief may *sua sponte* rule on a COA because it "is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious." *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  As to claims the Court rejects solely on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  As to claims the Court rejects solely on procedural grounds, the Petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. (emphasis added).

In Petitioner's case, it is recommended that the Court find his claims be dismissed on procedural grounds.  Reasonable jurists would not find that Petitioner has stated a valid claim of

denial of a constitutional right, or that the assessment of limitations in this case is debatable.  If

the District Judge orders that Petitioner's habeas petition be denied and Petitioner seeks a COA

in order to proceed with his case, it is further recommended that the Court find a COA be denied

because he has not made the necessary showing for issuance.

## V.        RECOMMENDATION

For the reasons stated above, it is respectfully recommended the Court **GRANT**

Respondent's Motion for Summary Judgment (D.E. 19) and **DISMISS** this action as time

barred.[2]  The undersigned further recommends the Court **DENY** a Certificate of Appealability.

Respectfully submitted on December 10, 2021.

Jason B. Libby
United States Magistrate Judge

---

[2]Respondent alternatively asserts Petitioner's claims are procedurally barred.  (D.E. 19, Pages 13-17).  However, as Petitioner has failed to file a response to the pending Motion for Summary Judgment and the undersigned recommends this petition is time barred, the undersigned need not consider Respondent's alternative argument.

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).